ADELAIDE L. PAINTER, as Administratrix, etc., of THOMAS A. PAINTER, Deceased, Respondent, v. ROBERT J. POWER, Appellant.

*Application of payments — effect of a receipt stating the application of a portion of the money received.*

In an action brought by an administratrix to recover upon a promissory note made by the defendant to the plaintiff's intestate, it appeared from the books of the deceased that he had received from the defendant, after the making of the note, certain sums, which, if applied on the note, would have extinguished it; that a portion of the last money received was applied on the note, and the deceased gave the defendant a receipt stating that such portion had been indorsed on the note; it also appeared that there were other transactions between the parties, upon which the payments by the defendant could have been applied.

*Held*, that this tended to prove that after all the payments in question were made, the parties recognized the note as unpaid and applied on it a portion of the sum then received, and that the other payments were not applied on the note, and that it supported a finding that the note was unpaid except as to the portion for which the receipt had been given.

APPEAL by the defendant, Robert J. Power, from a judgment of the Supreme Court, entered in the office of the clerk of Suffolk county on the 26th day of August, 1892, upon the report of a referee in favor of the plaintiff.

*E. A. Carpenter*, for the appellant.

*Thos. F. Bisgood*, for the respondent.

BARNARD, P. J.:

The plaintiff, as administratrix of her husband, seeks to recover the amount of a note dated May 24, 1889, for $700. Fifty dollars

was admitted to have been paid. The defendant set up a counter-claim for $1,132.45, for moneys had and received by the plaintiff's deceased husband in his lifetime. The trial before the referee was wholly taken up by proof for and against this counterclaim. The referee found against the same, and the appeal is from his finding on that question. The evidence is quite unsatisfactory as to the real truth of the indebtedness to the deceased. One party is dead and the other cannot testify. The books of deceased do not show the real balance. The account, as proven, includes large amounts satisfactorily proven to have been paid in the lifetime of the deceased. The question is narrowed by the proof to a credit of three items on the books of deceased. As has been stated the note was dated and given on May 24, 1889. On August 4, 1889, the deceased received from the defendant $527. On the 30th of August, 1889, $100, and on the 14th of September, 1889, $110. If these moneys were paid on the note and not credited, the note is extinguished by the moneys received. The proof is decisive against this application. On the 14th of September, 1889, the date of the last payment of $110, the deceased applied on the note the amount of fifty dollars and gave a receipt to defendant acknowledging the receipt of fifty dollars and stating that he had indorsed that amount on the note. If the previous payments were made in extinguishment of the note, the receipt should have stated it and not have left the note outstanding, except this one reduction. The general rule must be applied to the case that checks will be deemed to rest upon a debt when there is no explanation. In this case the proof shows that after all the payments were made the parties recognized the note as unpaid and applied on it a portion of a sum then received. There is also proof that there were considerable previous transactions between them upon which the sum paid could be applied. The referee, therefore, is supported by the evidence in finding that the note is unpaid, deducting the fifty-dollar payment on it, and that there is no counterclaim proven.

His judgment should, therefore, be affirmed, with costs.

PRATT, J., concurred.

Judgment affirmed, with costs.